

*U.S. Department of Justice*

*United States Attorney*
*District of Connecticut*

*Brien McMahon Federal Building*　　*(203) 696-3000*
*915 Lafayette Boulevard, Room 309*
*Bridgeport, Connecticut  06604*　　*Fax (203) 579-5550*

January 12, 2007

Andrew B. Bowman, Esq.
1804 Post Rd. East
Westport, CT 06880

> Re:   **United States v. Stanley Shenker**
>        **Docket No. 3:06CR158(SRU)**

Dear Attorney Bowman:

This letter confirms the plea agreement entered into between your client, Stanley Shenker (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.  The plea offer set forth in this letter will be withdrawn and become null and void if not accepted by January 12, 2007.

## THE PLEA AND OFFENSE

Stanley Shenker agrees to plead guilty to Count One of the five count Superseding Indictment, No. 3:06CR158 (SRU), charging him with conspiracy to transport money obtained by fraud in interstate commerce and wire fraud by engaging in a scheme to defraud World Wrestling Entertainment, Inc. ("WWE") of money, property and honest services in violation of Title 18  U.S.C. § 371.   He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

1. a conspiracy or agreement existed to accomplish an illegal objective;
2. defendant knew of the conspiracy;
3. defendant voluntarily and knowingly agreed to join the conspiracy; and
4. one of the coconspirators committed an overt act in furtherance of the illegal objective.

**THE PENALTIES**

This offense carries a maximum penalty of five years imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to the period of the supervised release with no credit for the time already spent on supervised release, except that such further period of imprisonment cannot exceed two years.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (I) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless ordered otherwise by the Court.

The defendant agrees to make restitution in the full amount determined by the Court to the victim of his criminal conduct**.** The defendant understands that if he fails to make such agreed-upon restitution that the Government may seek to void this agreement. Nothing in this agreement shall act to limit the rights of any victim to seek restitution or to bring or continue any civil action against the defendant.

**THE SENTENCING GUIDELINES**

      i.      <u>Applicability</u>

The defendant understands that, although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case.  *See United States v. Booker*, 543 U.S. 220 (2005).  The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report.  The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

      ii      <u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's acceptance of personal responsibility for the offense.   The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release.  Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty.  The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

      iii      <u>Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement.  The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant expressly understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

      iv.      <u>Guideline Stipulation</u>

The Government and the defendant stipulate the Sentencing Guidelines effective

November 1, 2002 apply and that the relevant guidelines are a sentencing range of 33 to 41 months' imprisonment and a fine range of $7,500 to $75,000.  Notwithstanding the previous sentence, the defendant reserves the right to argue for a non-guideline sentence based on an earlier version of the Sentencing Guidelines that was expressly made applicable in the plea agreement of defendant's coconspirator.   Under the Sentencing Guidelines effective November 1, 2002, the base offense level under U.S.S.G. § 2B1.1(a)  is 6.  Sixteen levels are added under U.S.S.G. § 2B1.1(b)(1)(I) for the amount of the loss.   Two levels are subtracted under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, as noted above, resulting in a total offense level of 20.  The defendant is a Criminal History category one, based on the defendant's representation.  The Government reserves the right to recalculate the Criminal History if the defendant's representation is inaccurate.

Under the Sentencing Guidelines effective November 1, 2002, a total offense level of 20 with a Criminal History category one results in a range of 33 to 41  months' imprisonment (sentencing table) and a fine range of $7,500 to $75,000 (U.S.S.G. § 5E1.2(c)(3)).  The parties agree that no other guideline enhancements or reductions are applicable.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above.  The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  The defendant reserves the right to request a downward departure from the applicable Guideline Sentencing range and reserves the right to seek a non-Guideline sentence.  The Government expressly reserves the right to challenge and oppose  any sentencing motion filed by the defendant and to defend any sentencing determination by the Court in any post-sentencing proceeding other than that stipulated by the parties.

> v.  Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence.   It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 41 months imprisonment and a three year term of supervised release even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the sentencing range of 33 to 41 months.  The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

      vi. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

    Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself and the right to compulsory process for the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

    Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

    Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in

its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal

agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the conduct set forth in the Superseding Indictment in this case. After sentencing, the Government will move to dismiss Count Two through Count Five of the Superseding Indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties. This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/S/
RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL

/S/
CHRISTOPHER W. SCHMEISSER
ASSISTANT U.S. ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

/S/_____                    _____
STANLEY SHENKER                                Date
The Defendant


I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

/S/_____                _____
ANDREW B. BOWMAN, ESQ.                         Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant Stanley Shenker and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count One of the Superseding Indictment:

Stanley Shenker was the sole corporate officer of Stanley Shenker and Associates, Inc. ("SSAI"). Shenker and SSAI provided licensing services to WWE. From in or about 1998 through 2003, Shenker agreed with an employee of WWE, James Bell, to provide the employee with a secret payment of approximately half the money Shenker received from WWE on certain WWE licensing arrangements in exchange for Bell ensuring that Shenker and SSAI received a full commission on such licenses from WWE. As a WWE employee, Bell was not permitted to accept these payments from Shenker.

Shenker, through SSAI and a foreign company owned by Shenker, paid Bell approximately $950,000 in secret payments from 1998 to 2002 which was approximately half of the money (approximately $1.9 million) that Shenker received from WWE for certain commission payments. The payments from Shenker to Bell traveled in interstate commerce and were intended to defraud WWE of the right to receive honest services from its employee. Shenker and Bell disguised these payments by falsely suggesting in invoices that Bell had earned these payments by providing consulting services whereas no such consulting services were provided. The parties agree that the relevant guideline loss is between $1.0 million and $2.5 million.

In or about October 2000, Shenker filed a lawsuit against WWE to obtain certain commission payments. During this litigation, Shenker and Bell sought to conceal the original invoices that suggested that Bell had provided consulting invoices. Shenker and Bell agreed to replace the original invoices with a new set of invoices that falsely suggested that payments from Shenker and SSAI to Bell related to developmental projects that Bell had supposedly created, whereas these payments were not related to those projects. In or about July 2002, Shenker caused false new invoices to be mailed by federal express mail to representatives of the WWE.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

/S/_____  /S/_____
CHRISTOPHER W. SCHMEISSER      RICHARD J. SCHECHTER
ASSISTANT U.S. ATTORNEY        SENIOR LITIGATION COUNSEL


/S/_____      /S/_____
STANLEY SHENKER                ANDREW B. BOWMAN, ESQ.
The Defendant                  Attorney for the Defendant

RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § §3663A.  The order of restitution may include:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

> A. Return the property to the owner of the property or someone designated by the owner; or
>
> B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:
>
>> The greater of -
>>
>> (I) the value of the property on the date of the damage, loss, or destruction;  or
>>
>> (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim --

> A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
>
> B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
>
> C. reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the court ordered restitution, the court may order that the conditions of its order of

Case 3:06-cr-00158-SRU   Document 33   Filed 01/12/07   Page 12 of 12

restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.