| | |
|---|---|
| Page 1 | UNITED STATES DISTRICT COURT<br>District of Connecticut |

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO. *3:06cr158 (SRU)*<br>USM NO: *15819-014* |
| STANLEY SHENKER | *Christopher W. Schmeisser*<br>Assistant United States Attorney |
| | *Andrew B. Bowman*<br>Defendant's Attorney |

**THE DEFENDANT:** pleaded guilty to count <u>One</u> of the Superseding Indictment.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18:371, 2314 and 1343 | Conspiracy to Commit Interstate Transportation of Money Obtained by Fraud | 03/2003 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of **thirty-three months**.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **three years**. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

   1.  The defendant shall participate in a program approved by the Probation Office for mental health treatment. The defendant shall pay all or a portion of the costs associated with treatment, based on the defendant's ability to pay as determined by the probation officer.
   2.  The defendant shall pay restitution in the amount of $2,867,239.55, payable immediately. Any amount that remains unpaid at the commencement of the term of supervised release must be paid at a rate of no less than $1,000.00 per month, or 15% of defendant's gross monthly income, whichever is higher.
   3.  The defendant shall not incur new credit card charges or open additional lines of credit without the permission of the probation officer.
   4.  The defendant shall provide the probation officer with access to requested financial information.
   5.  The defendant shall not possess a firearm, destructive device or other dangerous weapon.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

**Special Assessment:**   $100.00
**Restitution:**   $2,867,239.55

The defendant is ordered to turn over to the victim, World Wrestling Federation Entertainment, Inc., c/o Jerry S. McDevitt, Esq., Kirkpatrick & Lockhart Preston Gates Ellis, Henry W. Oliver Building, 535 Smithfield Street, Pittsburgh, PA 15222-2312, the following sums detailed on page one of a letter dated 3/26/07 from Andrew B. Bowman, Esq. to Jerry S. McDevitt, Esq.:

1. $161,455.00 currently held in Bank of America account no. (last four digits) 8363.

2. $400,000.00 from the SSAI Charles Schwab account no. (last four digits) 0729, without prejudice to further proceedings, either in this court or elsewhere, to determine the ownership of the remaining funds of approximately $283,000.00.

3. THQ stock in Charles Schwab account no. (last four digits) 1896 in the amount of approximately $213,000.00.

The above funds are to be paid within 14 days of entry of this judgment.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The defendant be assigned to a low security level facility that can adequately deal with defendant's health needs, near his home in Florida.

**The Defendant Shall Surrender at the Institution Designated by the Bureau of Prisons before 2 p.m. July 18, 2007.**

**May 1, 2007**
Date of Imposition of Sentence

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge
Date: May 8, 2007

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE _____*
*Kevin F. Rowe, Clerk*
*BY: _____*
  *Deputy Clerk*

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed) _____     _____**
          **Defendant**                                             **Date**

**_____     _____**
**U.S. Probation Officer/Designated Witness**      **Date**